UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MILTON JACKSON, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 10-1724 (RBW) |
| ANTONIN SCALIA, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

The plaintiffs, who are currently incarcerated at the Louisiana State Penitentiary in Angola, Louisiana, bring this action under 42 U.S.C. § 1983 against four Justices of the Supreme Court of the United States. The plaintiffs contend that, with the decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), the defendants "adopted a rule that . . . requires state prisoners to seek state remedies and obtain a 'Favorable Termination' of their conviction[s]. . . before they can seek . . . relief in federal court" under 42 U.S.C. § 1983.[1] Compl. at 7. According to the plaintiffs, the

---

1   In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that

(continued...)

1

defendants do not have "the authority to limit opportunities by state prisoners to attack their unconstitutional convictions []or to narrow the broad language of Section 1983." *Id.* at 9. Consequently, the plaintiffs assert, the federal courts "have been taking state prisoner's [sic] money for Section 1983 civil actions, then displacing the jurisdiction with habeas remedies and requiring that plaintiffs obtain a 'Favorable Termination' of their conviction or sentence," resulting in "extreme prejudice and . . . discrimination towards state prisoners" by placing on their "shoulders[] an insurmountable burden that can only be attained through the assistance of the very individuals (state officials) that violated" their constitutional rights previously. *Id.* All the plaintiffs demand their release from state custody, and plaintiffs Milton Jackson and George Labry demand reinstatement of previous civil actions filed against the Louisiana state officials allegedly responsible for their incarceration. *See id.* at 10-14 (page numbers designated by the Court).[2]

Where, as here, "a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."

---

1(...continued)
> relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck*, 512 U.S. at 486-87 (emphasis in original) (footnotes omitted). The rule announced in *Heck* also applies to an action brought under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), against a federal official alleged to have violated a plaintiff's constitutional rights. *See Williams v. Hill*, 74 F.3d 1339, 1340-41 (D.C. Cir. 1996).

2    Attached to the nine-page petition are five unnumbered pages. On each page is a petitioner's signature and the particular relief he demands.

*Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus."). Therefore, a prisoner cannot bring a civil action seeking a declaratory judgment in order to obtain his release. *See LoBue v. Christopher*, 82 F.3d 1081, 1082 (D.C. Cir. 1996) (concluding that plaintiffs challenging the constitutionality of federal extradition statutes could do so through a petition for writ of habeas corpus, not through a civil action for declaratory and injunctive relief); *Monk v. Sec'y of the Navy*, 793 F.2d 364, 366 (D.C. Cir. 1986) (concluding that corporal could not challenge conviction by court martial through a civil action for seeking declaratory judgment); *Smocks v. United States*, No. 10-0361, 2010 WL 1780270, at *1 (D.D.C. May 3, 2010) (concluding that Missouri state prisoner must proceed by means of a habeas petition, not a complaint under the Declaratory Judgment Act, *see* 28 U.S.C. § 2201, to challenge the constitutionality of certain provisions of federal law pertaining to his ability to seek release from custody).

Habeas actions are subject to jurisdictional and statutory limitations. *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484 (1973). One such limitation is the requirement that a habeas corpus action must be brought against the plaintiffs' warden. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (citing *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988)). Moreover, this district court cannot "entertain a habeas petition involving present physical custody unless the [plaintiffs'] custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004).

The relief that the plaintiffs demand sounds in habeas and therefore is not available by means of a civil action seeking a declaratory judgment and injunctive relief. Nor is this district court the proper forum for adjudication of the plaintiffs' habeas claims. For these reasons, the Court will grant the defendants' motion and will dismiss the complaint in its entirety. An Order accompanies this Memorandum Opinion.

/s/
REGGIE B. WALTON
United States District Judge

DATE: April 29, 2011